United States v. Maldonado

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of June, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.
              RICHARD W. GOLDBERG,[*]
                        *Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             -v-                                    12-3684-cr

ALFREDO MALDONADO,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Jay S. Ovsiovitch, Federal Public Defender's Office, Western
                             District of New York, *of counsel* (Robert G. Smith, Assistant
                             Federal Public Defender, Western District of New York, *on the
                             brief*), Rochester, NY

Appearing for Appellee:      Stephan J. Baczynski, Assistant United States Attorney for the
                             Western District of New York (William J. Hochul Jr., United
                             States Attorney, *on the brief*), Buffalo, NY

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Alfredo Maldonado appeals from the judgment entered September 7, 2012 in the United States District Court for the Western District of New York (Larimer, *J.*) sentencing him to a term of 27 months' imprisonment on one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and 60 months' imprisonment on one count possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), to be served consecutively. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Maldonado argues the government breached its obligations pursuant to the plea agreement by (1) opposing a two-level reduction for acceptance of responsibility and (2) failing to move for an additional one-level reduction for acceptance of responsibility. Maldonado argues the government's failure to abide by the terms of the plea agreement resulted in him being sentenced to 27 months' imprisonment on the marijuana count, rather than the 15 to 20 months' provided for in the plea agreement.

We disagree. The plea agreement contained a reservation of rights by the government, allowing the government to "modify its position with respect to any sentencing recommendation" if the government "receives previously unknown information regarding the recommendation." There is nothing ambiguous in the reservation of rights – the government receives new, relevant information after sentencing, it can change its sentencing recommendation. Maldonado removed his ankle bracelet and left federal custody for six weeks after entering into his plea agreement and failed to appear for sentencing – facts that could not be known to the government at the time the plea agreement was entered into because they had not yet occurred. *See*, *e.g., United States v. Palladino*, 347 F.3d 29, 34 (2d Cir. 2003) (government breached plea agreement when advocating an enhancement on the basis of information known to the government at the time the plea agreement was entered). On this record, there was no breach.

We have examined the remainder of Maldonado's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2