16-3801
*United States v. Lopez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of March, two thousand eighteen.**

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> > *Circuit Judge*,
> ANDREW L. CARTER, JR.,[*]
> > *District Judge*.

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              No. 16-3801

JOSE JUAN LOPEZ,

> *Defendant-Appellant*.

For Appellee:                          Tiffany Lee (Joseph Karaszewksi, *on the brief*), for James P. Kennedy, Jr., Acting

---

[*] Judge Andrew L. Carter, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

1

United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:                    JAY S. OVSIOVITCH, Federal Public Defender's Office, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jose Juan Lopez appeals from a judgment of the Western District of New York (Siragusa, *J.*), entered November 4, 2016, sentencing him to 24 months' imprisonment on one count of possessing heroin with intent to distribute, 21 U.S.C. §§ 841(a) & (b)(1)(C), and 60 months' imprisonment on one count of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A), to be served consecutively. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

During the nine months following Lopez's January 2015 guilty plea, he tested positive for drug use three times, removed his electronic monitoring bracelet, and absconded. Based on this conduct, at sentencing the government opposed the offense-level reduction for acceptance of responsibility and sought a two-level enhancement for obstruction of justice. Lopez argues that the government's position at sentencing breached his plea agreement, which stated that the government would not oppose a recommendation for a two-level reduction in his offense level based upon his acceptance of responsibility, resulting in a Guidelines range of 12 to 18 months'

imprisonment for the heroin count.[1] (The parties agree that Lopez is subject to a mandatory minimum of 60 months' imprisonment for the gun count.) In support of its changed position, the government relies on a provision in the plea agreement that allows the government to "modify its position with respect to any sentencing recommendation or sentencing factor" if "subsequent to th[e] agreement the government receives previously unknown information, including conduct and statements of the defendant, regarding the recommendation or factor." App. at 19 ¶ 19(d).

As we have previously recognized, "[t]here is nothing ambiguous in [this] reservation of rights." *United States v. Maldonado*, 522 F. App'x 72, 73 (2d Cir. 2013) (summary order). Although Lopez insists that the word "previously" is concerned with events that occurred before the agreement was made, this interpretation finds no support in the text. "Previously" is an adverb meaning "[a]t a previous or preceding time." Oxford English Dictionary at 448 (2d ed. 1989). Here the adverb modifies the phrase "unknown information." In other words, the phrase "previously unknown information" means information that is new to the government when it is received. Paragraph 19(d) is further limited by the phrase "subsequent to this agreement," which limits the government to relying on new information that was received after the plea agreement was executed. Moreover, the fact that some plea agreements entered into by the U.S. Attorney's Office for the Western District of New York expressly state that the government may modify its position if it "receives previously unknown information, including conduct and statements by the defendant *subsequent to this agreement*, regarding the recommendation or factor," Lopez Br. at 23 (emphasis partially omitted), is not to the contrary.

---

[1] The record is inconsistent regarding whether acceptance of responsibility would have warranted a two- or three-level reduction. Because nothing in this appeal turns on this distinction, we do not address it.

We have considered all of defendant's arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk